**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| US FOODS, INC., )<br>)<br>       Plaintiff, )<br>)<br>  v. )<br>)<br>MICHAEL J. NOBLE, et al., )<br>)<br>       Defendants. )<br>                            ) | Civil Action No. 1:13-cv-03640 |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff US Foods, Inc. ("US Foods" or "Plaintiff"), by and through undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendants produce for inspection and copying each document requested herein at the office of Plaintiff's counsel, Schiff Hardin LLP, 233 South Wacker Drive, Suite 6600, Chicago, IL 60606.

**DEFINITIONS**

1. "US Foods" or "Plaintiff" means US Foods, its agents, employees, officers, directors, principals and other representatives, and its predecessors, successors, parents, affiliates, or assigns, collectively and singularly, and their respective agents, employees, officers, owners, directors, principals, contractors, and other representatives.

2. Unless expressly limited in a particular document request, the term "you" or "Defendants" means Defendants Michael J. Noble and Phillip G. Roszak, individually or collectively, and their agents and attorneys.

3. The term "document" includes writings of any type, all other data compilations from which information can be obtained, all Communications (as that term is defined in the following Definition), and any other means of preserving thoughts or expression, however produced or reproduced, including but not limited to e-mails and instant messages authored from

EXHIBIT 1

electronic or digital media, films, videotapes, and other recordings of events. Requested documents means originals in each instance (or copies thereof if originals are unavailable), regardless of origin or location, which are in the possession, custody, or control of Defendants, or in the possession, custody, or control of Defendants' agents, representatives, employers, employees, or counsel, and any copies or reproductions that differ in any respect from the original, such as copies containing marginal notations, electronic comments or other variations. Requested documents include all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents and, for electronic documents, all metadata associated with and all versions and subversions of the document. The enumeration of various specific items as included within the definition of the word "document" may not be taken to limit the generality of this word, and the Requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of the word.

4. "Communication" means any transmittal or receipt of information in the form of facts, ideas, inquiries, or otherwise, and includes correspondence, telexes, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, texts, instant messages, recordings of any other type in any medium of written or oral communications, phone logs, message logs, calendar task management data, Internet history files, and notes and memoranda of, or referring or relating to, written or oral communications. A communication is responsive for purposes of these Requests regardless of the sender and recipients of the Communication.

5. The term "person" includes both natural persons and those entities recognized by law as persons, such as corporations and partnerships.

6. "Relating to" means to make a statement about, refer to, discuss, describe, reflect, identify, deal with, consist of, explain, comprise, or in any way pertain in whole or in part, directly or indirectly, to the subject identified.

7. The use of the singular form of any word includes the plural and vice versa.

8. The term "each" shall include the terms "each and every."

9. "And" and "or" shall be construed both conjunctively and disjunctively, as necessary to make the request inclusive rather than exclusive.

## INSTRUCTIONS

1. Each Request seeks the production of each document in its entirety, without abbreviation or redaction with all non-identical copies and drafts thereof, including any document appended to, included therewith, incorporated by or referred to in the document and all file folders in which any such document is contained. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, responsive documents shall be produced as they are kept in the usual course or Defendants shall organize and label responsive documents to correspond with the categories in these Requests.

2. If documents being produced are hard copy documents, rather than making another hard copy, Defendants should scan the documents in TIFF format with Optical Character Recognition ("OCR") along with a Relativity database load file containing fields populated with the following: the beginning bates number of each document [BEGBATES field]; the ending bates number of each document [ENDBATES field]; the number of pages of each document/record [PAGECOUNT field]; and the extracted OCR text [TEXT field].

3. With respect to documents that are already in electronic/digital form, or exist in or can be retrieved electronically, such documents should be converted into a TIFF file with bates

numbers, along with a link to the native, electronic file, and ensure the metadata from the original/native electronic file has been suitably transferred into a load file that can be loaded onto a Relativity database load file.

    4.    If a document exists in both electronic and hard-copy form or in multiple electronic forms, all versions and formats of the document must be produced.

    5.    These Requests are continuing in nature. Defendants should produce any additional responsive documents that are obtained or discovered at any time prior to trial.

    6.    If Defendants claim that any document responsive to these Requests is protected from production by the attorney-client privilege, the work product doctrine or any other privilege or protection, Defendants should supply at the time of their response a schedule that specifically identifies each such document by date, authors(s), the person(s) to whom the document was directed, the nature of the document (e.g., letter, memorandum tape recording), subject matter, title, and number of pages, the basis for withholding the document, and any other information that is necessary to enable Plaintiff to determine the applicability of the privilege or protection.

    7.    If any Request herein or part thereof is objected to, the reason(s) for such objection shall be stated with specificity.

    8.    Plaintiff reserves the right to serve supplemental or additional Requests as necessary.

    9.    If any documents responsive to the Requests have been lost, destroyed, transferred voluntarily or involuntarily to others not subject to Defendants' control, or otherwise disposed of, or if any documents responsive to the Requests exist but are not available, furnish a list identifying each such document, and set forth the following information with respect to each document: (1) its date; (2) its author(s), sender(s), addressee(s) and recipient(s); (3) the type of document (e.g., Word

document, calendar entry, email, IM); (4) the subject matter of the document; and (5) explain why the document or data is no longer available, including the date that it became unavailable, who or what made it unavailable, and the circumstances surrounding its loss or transfer.

## **DOCUMENT REQUESTS**

1. Each document of US Foods in Defendants' possession, custody, or control, including without limitation each document that Defendants received or removed from US Foods or that was removed, copied, downloaded, or sent from US Foods' premises, databases, systems or devices.

2. Each document in Defendants' possession, custody or control reflecting or relating in any way to Defendants' work for US Foods, including without limitation each document generated or transmitted by Defendants while working for US Foods.

3. Each document in Defendants' possession, custody or control generated by or transmitted through any computer or communications system or database of US Foods.

4. Every other document that Defendants have an obligation to return to US Foods pursuant to section 5 of their Non-Solicitation and Non-Disclosure Agreements.

June 3, 2013 Respectfully submitted,

  /s/ Linda K. Stevens
Patricia Brown Holmes
Linda K. Stevens
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
pholmes@schiffhardin.com

Connie N. Bertram
Daniel J. Davis
**PROSKAUER ROSE LLP**
*Admitted Pro Hac Vice*
1001 Pennsylvania Ave., N.W. Suite 400S
Washington, D.C. 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
cbertram@proskauer.com
ddavis@proskauer.com

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on June 3, 2013, she caused a true and correct copy of Plaintiff's First Request for Production of Documents to be served by electronic mail and hand delivery on the following:

Kraig Marton
Jaburg & Wilk P.C.
3200 N. Central Ave., 20th Floor
Phoenix, AZ 85012
kjm@jaburgwilk.com

*Counsel for Defendant Michael J. Noble*

Philip J. Nathanson
The Nathanson Law Firm
8326 E. Hartford Dr., Suite 101
Scottsdale, AZ 85255

and

The Nathanson Law Firm
120 N. LaSalle St. #1040
Chicago, IL 60602
philipj@nathansonlawfirm.com

*Counsel for Defendant Phillip G. Roszak*

                                                  /s/ Linda K. Stevens