IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| US FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-03640 |
| | ) | |
| MICHAEL J. NOBLE, *et al.*, | ) | (Judge Robert M. Dow, Jr., Presiding) |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ROSZAK'S OBJECTIONS TO
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Defendant, Phillip G. Roszak, by and through his attorney, PHILIP J. NATHANSON of THE NATHANSON LAW FIRM, objects to plaintiff's motion for the entry of an order allowing limited expedited discovery. In support of Defendant Roszak's objections, said Defendant states:

1. First, the motion is premature. The parties are not at issue on the pleadings. Defendant Roszak's time to answer or otherwise plead does not even occur until next week on June 13, 2013, and there has been no Rule 26(f) conference. Federal Rule of Civil Procedure 26(d) explains that parties may generally serve discovery only after a Rule 26(f) conference, "except ... when authorized by ... court order." FRCP 26(d)(1). It is basic that the parties must be at issue on the pleadings before a Rule 26(f) conference can occur.

2. The reality is that U.S. Foods is attempting to get the jump on Roszak and establish this jurisdiction as the place to litigate. Roszak filed suit first in Phoenix, Arizona, where he worked for U.S. Foods, in the Superior Court of Maricopa County,

Arizona, on May 3, 2013, pleading claims under the Delaware Whistleblower statute, the U.S. Foods Stock Agreement and under Delaware's implied covenant of good faith and fair dealing (See Deft. Roszak Ex. #1). On May 15, 2013, U.S. Foods filed a Notice of Removal of that Arizona state court case to the U.S. District Court in Phoenix (See Deft. Roszak Ex. #2). On the same date, May 15, 2013, U.S. Foods filed this lawsuit in this Chicago federal court against Roszak and others. Roszak's Arizona Complaint and Arizona action was first filed, and that Arizona case first sought to litigate the same factual issues raised by U.S. Foods in this Court. U.S. Foods should not be permitted to engage in naked forum shopping. While they have filed a motion to compel arbitration in the Arizona case, the current action filed in this Court seeks to litigate the same facts and issues. Why is this case not similarly arbitrable if indeed the Arizona case is arbitrable? According to U.S. Foods, the reason is apparently that it wants to litigate those facts and issues in this Court, rather than in the District Court of Arizona. Both U.S. District Judge Bolton in Arizona, and this Court, should deal with the proper federal venue and related forum shopping issues before expedited discovery is ordered in this Chicago federal case.

  2. When Roszak answers or otherwise pleads in this case, Roszak intends to file a motion to transfer this Chicago federal court case to the federal district court in Phoenix Arizona, pursuant to 28 U.S.C. § 1404(a). While plaintiff states in its memorandum of law accompanying its motion to expedite discovery, that Roszak's federal court complaint in Phoenix was wrongly filed, it has not been dismissed and Roszak contends that plaintiff's Chicago federal court case should proceed as a

counterclaim in the first filed Phoenix suit. There is no legitimate reason for plaintiff having filed suit against defendant in this court, given the fact that Roszak lives in Phoenix, worked for plaintiff in Phoenix, and filed suit against plaintiff first, in Phoenix.

    3. Plaintiff's motion does not actually seek discovery. It is not seeking documents and tangible things that the defendants have in their possession, custody or control that they may use to support *their* claims or defenses. As it states in its memorandum, it brought this suit seeking return of its property and data. (Pl. Mem. at 2.) Thus, its request for expedited discovery is really an attempt to make an end run around the litigation process and obtain a mandatory injunction ordering Defendant Roszak to do something, without litigating the elements to obtain such an injunction. The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir. 1978)). *See also W.A. Mack, Inc. v. Gen. Motors Corp.,* 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree."). Plaintiff has not shown any entitlement to a mandatory injunction.

    Similarly, the Wright & Miller treatise states that: "the fact that defendant would be ordered to act in a particular way, rather than be enjoined from engaging in certain conduct may make a mandatory injunction more burdensome than a prohibitory one in

some cases. Thus several courts have stated that the power to issue a mandatory preliminary injunction should be exercised sparingly." Wright & Miller, 11A *Fed. Prac. & Proc. Civ.* § 2948.2 (2d ed. 2013). And even where a proper motion for injunction is on file, which is not the case here, that does not mean the Plaintiff is entitled to expedited discovery. Such a request for expedited discovery in an injunction case was rejected in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618 (N.D.Ill. 2000), because "expedited discovery is not the norm."

U.S. Foods has not made, and cannot make, a showing to support expedited discovery even if it was seeking discovery. The standards and criteria for allowing expedited discovery in the myriad of decisions involving motions to obtain expedited discovery are summarized in a Federal Procedure treatise as follows:

> "Expedited discovery is not the norm, and a party seeking such discovery must make some *prima facie* showing of the need and good cause for the departure from usual discovery procedures. The party must show (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the other party will suffer if expedited relief is granted.
>
> Courts evaluating motions for expedited discovery apply a flexible standard of reasonableness and good cause, and commonly consider such factors as (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. Under the reasonableness test, courts consider the reasonableness of the request in light of the entire record to date and all of the surrounding circumstances."

*Expedition of discovery*, 10 Fed. Proc., L. Ed. § 26:25 (2013).

4. Finally, plaintiff has not demonstrated that defendants will destroy any evidence. Roszak is alleged to have cleared his work computer of plaintiff's files and returned it. Plaintiff has no basis for asserting that Roszak will not preserve evidence in compliance with federal law.

5. Last, but not least, Plaintiff seeks unilateral expedited discovery. Needless to say, if this Court overrules these objections, and grants the Plaintiff's motion to expedite discovery, then Defendant should also be permitted to engage in expedited discovery. Plaintiff offers no reason why this Court should discriminate and allow only Plaintiff to engage in expedited discovery.

## CONCLUSION

For each and all of the foregoing reasons, the Plaintiff's Motion to Expedite Discovery should be denied, or entered and continued pending resolution of any motion practice regarding venue under 28 U.S.C. § 1404(a).

RESPECTFULLY SUBMITTED this 5th day of June, 2013.

PHILLIP G. ROSZAK

By: s/Philip J. Nathanson

*Attorney for Defendant Roszak*

Philip J. Nathanson   ARDC #3125377
THE NATHANSON LAW FIRM
120 N. LaSalle Street – Suite 1040
Chicago, IL  60602
(312) 782-3322
(312) 782-4518
philipj@nathansonlawfirm.com

I hereby certify that on June 5, 2013, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office by using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants:

Linda K. Stevens
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606


By:  /s/Philip J. Nathanson