# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3640 | **DATE** | 6/17/2013 |
| **CASE TITLE** | US Foods, Inc. vs. Noble, et al. | | |

**DOCKET ENTRY TEXT**

After reviewing Plaintiff's motion to expedite discovery [12] and the briefing on that motion [see 13, 20, 23, 26] and Defendant Noble's motion to dismiss for lack of jurisdiction [27], Defendant Noble's motion [27] is taken under advisement with the following briefing schedule: Plaintiff's response is due on 6/24/2013; Defendant's reply is due on 7/1/2013. Defendant Roszak's motion to extend time to answer or otherwise plead [29] is stricken without prejudice to refiling in compliance with the rules discussed below. Plaintiff's motion to expedite discovery [12] remains under advisement with no firm ruling date. Please see below for additional discussion.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

First, in regard to the briefing of Defendant Noble's motion, the Court recognizes that the schedule set above is more abbreviated than usual. However, given that (1) there is considerable (though not complete) overlap between the arguments addressed in the two pending motions and (2) all parties and adjudicators involved in the various pending proceedings have an interest in moving the disputed matters forward promptly, the Court concludes that the truncated schedule will not impose any undue burden on anyone.

Second, on a related note, in view of the threshold issues raised in the pending motions concerning (1) this Court's subject matter jurisdiction and (2) whether the expedited discovery sought in Plaintiff's motion can (and/or should) be sought in the pending arbitration proceeding, the motion to expedite discovery [12] remains under advisement until the Court is able to work through these issues with the assistance of the parties' written submissions. With that said, the Court reiterates what it said in open court at the hearing on Plaintiff's motion: even absent an order from this Court (or the Arbitrator or the trial court in Arizona), the parties have obligations to preserve materials that may be relevant in litigation and are expected to fully honor those obligations.

Finally, defense counsel are advised that all motions must be noticed for presentment as required by Local Rule 5.2, 5.3, and 5.4 and this Court's standing orders (see www.ilnd.uscourts.gov), which require three-day notice and direct parties seeking an extension of time to contact all other parties in the case to determine whether the motion is unopposed and, if so, to so indicate in the title and body of the motion. Although Defendant Noble did not comply with these rules, the Court has accepted his motion because it is in the nature of a responsive pleading and the prompt briefing and resolution of the issues raised in it will move the case forward for all parties. Defendant Roszak's motion to extend time to answer or otherwise plead [29], however, is stricken without prejudice to refiling in compliance with the rules discussed above. To the extent that Defendant Roszak's responsive pleading will raise similar issues to those raised in Defendant Noble's motion, Defendant Roszak

**STATEMENT**

should so advise the other parties in advance of filing any renewed motion for additional time so that the parties may brief such issues as efficiently and economically as possible.

Case: 1:13-cv-03640 Document #: 30 Filed: 06/17/13 Page 2 of 2 PageID #:668