**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| US FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. NOBLE, et al., <br><br> Defendants. | Civil Action No. 1:13-cv-03640 |

**SUPPLEMENT TO DEFENDANT NOBLE'S PENDING MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, MOTION TO STAY ALL PROCEEDINGS IN THIS CASE**

Kraig J. Marton
David N. Farren
Jeffrey A. Silence
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
602-248-1000
kjm@jaburgwilk.com
dnf@jaburgwilk.com
jxs@jaburgwilk.com
Attorneys for Defendant
Michael J. Noble

Defendant Michael Noble ("Noble"), through counsel, files this Supplement to his Motion to Dismiss or Stay (Dockets 27 and 28), in order to inform the Court of the status of the

1

arbitration proceedings and to further support his request that this case be stayed or dismissed with sanctions to issue against Plaintiff US Foods, Inc. ("US Foods").[1]

A brief history of the proceedings is appropriate. US Foods filed its Complaint and Injunction Application in this case on May 15, 2103 (Docket #1). That 19 page, 85 paragraph complaint made public and serious accusations against Noble and sought various forms of immediate relief. Soon thereafter, Plaintiff filed its "Motion for Expedited Discovery" (Docket #12) and Memorandum (Docket #13) asking for, *inter alia*, an order that Noble (and co-defendant Roszak) "respond on an expedited basis to the Plaintiff's First Request for Production of Documents" and "present their computers and storage and communications devices for forensic imaging, as described more fully in the Memorandum of Law and Proposed Order submitted simultaneously with this motion" (Docket #12, pp. 1-2).

Noble objected to any form of discovery through this federal proceeding by pointing out that the entire matter is subject to mandatory arbitration and by showing that any discovery orders should be issued by the Arbitrator and not by this Court (see, e.g. Response by Noble, Docket #22 and #23). Noble soon thereafter filed his Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion to Stay All Proceedings in this Case on June 13, 2103 ("Motion to Dismiss"). (Docket #27 and #28).

One of the points made by Noble's Motion to Dismiss is that the Court lacks jurisdiction because of a mandatory arbitration agreement and a pending AAA arbitration of all such issues

---

[1] This Supplement is not accompanied by a Notice of Presentment because Noble does not believe such a Notice is required given that this is only a supplement to a previous motion.

between Noble and US Foods. (See Motion to Dismiss at 4-11). The Federal Arbitration Act, 9 U.S.C §1, *et seq.*, AAA Arbitration Rules and applicable case law make it very clear – now more than ever after the U.S. Supreme Court's decision in *American Exp. Co. v. Italian Colors Restaurant*, 2013 WL 3064410 (U.S., filed June 20, 2013) – that federal courts lack subject matter jurisdiction to decide matters that are subject to mandatory arbitration by agreement. This Court lacks subject matter jurisdiction of this case because the injunctive relief sought by US Foods is available in the pending AAA arbitration. (Id. at 8-10 and cases cited therein).

It is now October, and US Foods has done absolutely nothing in this Federal case since it filed its Complaint, Injunction Application and Motion for Expedited Discovery. However, in the meantime, the arbitration is proceeding to conclusion.

Noble files this Supplement to his Motion to Dismiss in order to inform the Court of the status of the arbitration. Discovery is ongoing in that proceeding, and the arbitration has been set for hearing on November 20, 21 and 22, 2013. Attached are three scheduling orders entered by the Arbitrator. US Foods has proceeded in the arbitration as if this federal case did not exist.

US Foods' conduct since filing its Complaint, Injunction Application and Motion for Expedited Discovery with this Court is significant to the Court's ruling on Noble's Motion to Dismiss because: (1) it proves that US Foods' allegations made to this Court that "emergency" injunctive relief was necessary to prevent imminent and irreparable harm were *not true*, and (2) it proves the Court does indeed lack subject matter jurisdiction in this matter due to the substantially the same, albeit alternative, relief that is being provided to US Foods at its request in the pending AAA arbitration.

It was and is improper for this Court to grant the preliminary relief sought by US Foods in this case when the same relief was and is available in the pending AAA arbitration between the same parties with regard to the same issues. *See Greenpoint Technologies, Inc. v. Peridot Associated S.A.*, 2009 WL 674630, 3 (W.D. Wash. 2009) (it was it is improper for the Court to grant preliminary relief when the same kind of relief was available in the AAA arbitration); *Am. Laser Skincare, LLC v. Morgan*, 2013 WL 1679518 (N.D. Ill. 2013) ("conducting a preliminary injunction hearing and adjudicating the motion in the federal district court would be unnecessarily duplicative [of a pending arbitration] and a waste of resources.").

Noble requests the Court to consider US Foods' current conduct to be a *concession* that it has, and has pursued, the same or similar relief it seeks in this case. The Court lacks subject matter jurisdiction of the claims made by US Foods.

Noble also requests the Court to bear in mind the false and frivolous basis upon which US Foods filed this federal lawsuit against Nobel – including the false allegations made to the Court that "emergency" injunctive relief was necessary to prevent imminent and irreparable harm and the clear lack of subject matter jurisdiction or, for that matter, diversity jurisdiction – and award him his attorney fees and costs incurred to defend himself in this case.

It could not be more clear that Noble is entitled to an award of his fees pursuant to the parties' Settlement Agreement ¶20 (Motion to Dismiss, Ex. A). He is also entitled to his fees because of US Foods conduct. *See*, *e.g*., *Kaung v. Cole Nat. Corp.*, 884 A.2d 500, 506 (Del. 2005) (applicable Delaware law authorizes courts to award fees "where losing party has acted in

4

bad faith, vexatiously, wantonly, or for oppressive reasons"); 28 U.S.C. §1927 (fee award for vexatious litigation) and/or Fed.R.Civ.P. 11 (fee award based on frivolous allegations).

Noble therefore renews his request that this Court:

1. Dismiss all claims for relief sought by US Foods;

2. Reserve jurisdiction pursuant to 9 U.S.C.A. § 3 solely for the purpose of entering judgment on any arbitration award; and

3. Award Noble all fees and costs incurred in defending this federal lawsuit.

September 30, 2013         Respectfully submitted,

/s/ Kraig J. Marton
Kraig J. Marton
Jeffrey A. Silence
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, AZ  85012
602-248-1000
kjm@jaburgwilk.com
dnf@jaburgwilk.com
jxs@jaburgwilk.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 30, 2013, he caused a true and correct copy of this Motion to be served by electronic mail on September 30, 2013 on the following:

Connie N. Bertram
Daniel J. Davis
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W. Suite 400S
Washington, D.C. 20004
cbertram@proskauer.com
ddavis@proskauer.com

Philip J. Nathanson
The Nathanson Law Firm
8326 E. Hartford Dr., Suite 101
Scottsdale, AZ 85255

The Nathanson Law Firm
120 N. LaSalle St. #1040
Chicago, IL 60602
philipj@nathansonlawfirm.com

      /s Kimberly Rogers

# EXHIBITS

**The American Arbitration Association**
**Management Conference Guide**
**(Joint Submission by Respondents Noble and Roszak)**

Case Name: <u>US Foods, Inc. v. Noble and Roszak</u>  Date: <u>August 16, 2013</u>

Case Number: <u>13 166 01022 13</u>  Administrator: <u>Michele Gomez</u>

Arbitrator: <u>William L. Kandel</u>

**The AAA and its Neutrals are committed in providing the Parties with an efficient and expeditious process. It is during this phase of the proceeding that Parties can positively influence the time it takes to get their dispute resolved. The Neutral will control the exchange of information to help eliminate lengthy and unnecessary discovery and will establish timeframes realistic to the arbitration process.**

**We provide this worksheet only as a guide. The Parties or the Neutral may not require that all items be incorporated into the schedule, nor are they precluded from adding items or amending them as they deem appropriate.**

1. **Hearing on the Merits:**

    The parties and the Arbitrator should consider scheduling all necessary hearing dates at this time.

    Date(s): <u>Nov. 19-21</u>  Time: <u>9:00 a.m</u>.

    Location: <u>New York</u>

2. **Pre-Hearing Mediation Attempt:**

    If at any time the patties wish to attempt AAA Mediation, your case manager can locate and schedule an AAA Mediator for your case. In order to preserve dates, your arbitrator should calendar a date on which the parties can attempt pre-hearing mediation. This date should be at least 30-60 days prior to the arbitration hearing date but can take place before or after.

    Patties should contact the AAA 7-10 days prior to the mediation date and advise if indeed the parties wish to attempt AAA Mediation.

    Date(s): <u>September 10, 2013</u>

3. **Specification of Claims and Counterclaims (amendments and dollar amounts):**

    Claims: _____  Counterclaims: _____

    Deadline to Specify: <u>August 30, 2013</u>  Response: <u>September 6, 2013</u>

4. **Date for Identification and Exchange of Witnesses:**

    Claimant: <u>October 11, 2013</u>  Respondent: <u>October 18, 2013</u>

5. **Exchange of Documents/Discovery:**

    Document Request Due By: <u>September 16, 2013</u>
    To Be Completed By: <u>October 11, 2013</u>
    Each side limited to <u>15 interrogatories and 20 document requests</u>.
    Depositions: <u>Noble requests no depositions without arbitrator approval</u>.
    <u>Roszak requests one deposition per party</u>

6. **Dispositive Motions** (per the Arbitration Agreement and/or Rule 27 which states: *"The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case."*):

    Date: August 30, 2013   Response: September 9, 2013    If any Reply: September 13, 2013

7. **Stipulations of Uncontested Facts (if Any):**

    Date: November 5, 2013

8. **Advanced Exchange of Identification of Exhibits:**

    Date: November 4, 2013

    Number of Copies to be made and brought to the hearing: 5

    *Each proposed exhibit shall be pre-marked for identification and sufficient copies brought to the hearing for the arbitrator(s). It is suggested that the parties attempt to create a joint exhibit notebook. Please be advised that the AAA does not need a copy of the parties' exhibits.*

9. **Court Reporter:**

    YES X          NO          TO BE DETERMINED

    Requested by:   Claimant       Respondent       Both Parties X

10. **Form of Award:**

    US Foods and Noble agree that the arbitrator should issue a reasoned opinion.

11. **Additional Management Conference Call:**

    YES X          NO       Date: August 21, 2013 (11 EST) (already scheduled)
                                  Plus: November 8, 2013

12. **Other issues to be discussed:**

    Noble's request to expedite determination of his planned Motion for Summary Judgment or to Sever

                                                            Dated: _____

US Foods, Inc. v. Michael J. Noble and Phillip G. Roszak

AAA Case No. 13-166-01022-13

**Second Scheduling Order**

August 22, 2013

Based on rulings during the Parties' August 21 conference call with the arbitrator, following is the Second Scheduling Order ("SSO"):

1. August 22, 2013:  Respondent Noble to serve motion for judgment as a matter of law ("JMOL").

2. August 23, 2013:  Claimant to transmit to Respondents a proposed confidentiality agreement and/or order.

3. August 23, 2013:  Claimant to transmit to Respondents a proposed order to preserve documents.

4. August 26, 2013:  Claimant to propose to arbitrator a date prior to September 20 for opposition to Respondent Noble's August 22 motion for JMOL.

5. August 28, 2013:  Respondents to reply to Claimant's proposed confidentiality agreement/order and preservation order, followed by Parties' efforts to agree on a single version for each.

6. August 30, 2013:  Parties to submit to arbitrator a confidentiality agreement/order and a preservation order, or competing versions of each, for arbitrator's signature.

7. August 30, 2013 (or earlier):  Respondent Roszak to transmit to arbitrator the reply papers being simultaneously submitted to the U. S. District Court in Arizona regarding arbitrability, mindful of the obligation to include hard copy of all cited authorities.

8. August 30, 2013:  Parties exchange document requests, 20 maximum for each, including subparts.

9. August 30, 2013:  Parties exchange written interrogatories, 10 maximum for each, identification not contention.

10. September 13, 2013:  Arbitrator to decide Respondent Roszak's motion on arbitrability.

11. September 20, 2013:  Parties exchange responses to document requests, including objections, and produce all no-objection documents.

1

12. September 20, 2013: Parties exchange responses to interrogatories, including objections.

13. September 27, 2013: Parties meet and confer toward voluntary resolution/narrowing of discovery disputes and, if necessary, submit to arbitrator marked-up requests and responses that illustrate issues.

14. October 3, 2013: Arbitrator to decide Respondent Noble's motion for JMOL.

15. October 4, 2013 (11 AM ET): Conference call for purposes of (a) ruling on discovery issues, (b) deciding whether there is good cause shown to allow additional motion(s) for JMOL, (c) deciding whether to allow depositions, depending largely on likelihoods of (i) dispositive motions and (ii) unavailability of witnesses for Evidentiary Hearing, (d) deciding on necessity for expert witnesses and suitable procedure, and (e) allowing Respondent Noble to enter whistle-blower affirmative defense, depending on ruling on his motion for JMOL.

16. October 18, 2013: Parties produce objection-overruled discovery.

17. Undecided: Close of discovery, dependent on decisions on JMOL motion(s), whether/when depositions of fact witnesses and possible reports by expert witnesses.

18. Undecided: Conference call to schedule additional deadlines prior to Evidentiary Hearing and thereafter.

19. November 20 – November 22, 2013: Evidentiary Hearing, preferably at AAA facility at 150 East 42nd Street, New York City, seeking to cram four days' worth of hearing time into three days.

20. Discovery will proceed consistent with the expedited nature of arbitration, seeking in all events the Parties' fair and cost-effective resolution of their disputes. As discussed in the conference call, this means that "all's in" for purposes of discoverability, including, for example, Claimant's inquiries regarding Respondents' computers and Respondents' inquiries related to as yet unasserted counterclaims.

This SSO incorporates paragraphs 5 and 6 of the Initial Scheduling Order of August 12, particularly emphasizing the requirement of hard copy of over-10 page documents and all cited authority. Amendments, corrections, or comments on this SSO shall be communicated in writing to everyone pursuant to the AAA's Direct Exchange Program, by August 27, 2013.

Dated: New York, New York

    August 22, 2013

                                              _____

                                              William L. Kandel, Esq., Arbitrator

US Foods, Inc. v. Michael J. Noble and Phillip G. Roszak

AAA Case No. 13-166-01022-13

**Third Scheduling Order**

August 27, 2013

Based on the Second Scheduling Order, and rulings on the Parties' subsequent submissions, following is the Third Scheduling Order (the "TSO"):

1. August 22, 2013: Respondent Noble to serve motion for partial summary judgment seeking judgment as a matter of law ("JMOL").

2. August 23, 2013: Claimant to transmit to Respondents a proposed confidentiality agreement and/or order.

3. August 23, 2013: Claimant to transmit to Respondents a proposed order to preserve documents.

4. August 26, 2013: Claimant to propose to arbitrator a date prior to September 20 for opposition to Respondent Noble's August 22 motion for JMOL.

5. August 27, 2013: Respondent Noble to specify "other claims" besides his whistleblower claim referred to in paragraph 17 of this TSO.

6. August 28, 2013: Respondents to reply to Claimant's proposed confidentiality agreement/order and preservation order, followed by Parties' efforts to agree on a single version for each.

7. August 30, 2013: Parties to submit to arbitrator a confidentiality agreement/order and a preservation order, or competing versions of each, for arbitrator's signature.

8. August 30, 2013 (or earlier): Respondent Roszak to transmit to arbitrator the reply papers being simultaneously submitted to the U. S. District Court in Arizona regarding arbitrability, mindful of the obligation to include hard copy of all cited authorities.

9. August 30, 2013: Parties exchange document requests, email acceptable, 20 maximum for each, including subparts.

10. August 30, 2013: Parties exchange written interrogatories, email acceptable, 10 maximum for each, identification not contention.

11. September 13, 2013: Arbitrator to decide Respondent Roszak's motion on arbitrability

1

12. September 16, 2013: Claimant to oppose Respondent Noble's motion for partial summary judgment.

13. September 20, 2013: Parties exchange responses to document requests, including objections, and produce all no-objection documents.

14. September 20, 2013: Parties exchange responses to interrogatories, including objections.

15. September 27, 2013: Parties meet and confer toward voluntary resolution/narrowing of discovery disputes and, if necessary, submit to arbitrator marked-up requests and responses that illustrate issues.

16. October 3, 2013: Arbitrator to decide Respondent Noble's motion for JMOL.

17. October 4, 2013 (11 AM ET): Conference call for purposes of (a) ruling on discovery issues, (b) deciding whether there is good cause shown to allow additional motion(s) for JMOL, (c) deciding whether to allow depositions, depending largely on likelihoods of (i) dispositive motions and (ii) unavailability of witnesses for Evidentiary Hearing, (d) deciding on necessity for expert witnesses and suitable procedure, and (e) allowing Respondent Noble to enter whistle-blower and other claims by counterclaim, depending on ruling on his motion for JMOL.

18. October 18, 2013: Parties produce objection-overruled discovery.

19. Undecided: Close of discovery, dependent on decisions on JMOL motion(s), whether/when depositions of fact witnesses and possible reports by expert witnesses.

20. Undecided: Conference call to schedule additional deadlines prior to Evidentiary Hearing and thereafter.

21. November 20 – November 22, 2013: Evidentiary Hearing, preferably at AAA facility at 150 East 42nd Street, New York City, seeking to cram four days' worth of hearing time into three days.

22. Discovery will proceed consistent with the expedited nature of arbitration, seeking in all events the Parties' fair and cost-effective resolution of their disputes. As discussed in the August 21 conference call, this means that "all's in" for purposes of discoverability, including, for example, Claimant's inquiries regarding Respondents' computers and Respondents' inquiries related to as yet unasserted counterclaims.

2

3

      This TSO incorporates paragraphs 5 and 6 of the Initial Scheduling Order of August 12, particularly emphasizing the requirement of hard copy of over-10 page documents and all cited authority. Amendments, corrections, or comments on this TSO shall be communicated in writing to everyone pursuant to the AAA's Direct Exchange Program, by September 4, 2013.

Dated: New York, New York

      August 27, 2013

                                                                                            _____

                                                                                           William L. Kandel, Esq., Arbitrator