# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| US FOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-03640 |
| ) | |
| MICHAEL J. NOBLE, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT NOBLE'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, MOTION TO STAY ALL PROCEEDINGS IN THIS CASE**

Patricia Brown Holmes
Linda K. Stevens
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
pholmes@schiffhardin.com

Connie N. Bertram
Daniel J. Davis
**PROSKAUER ROSE LLP**
*Admitted Pro Hac Vice*
1001 Pennsylvania Ave., N.W. Suite 400S
Washington, D.C. 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
cbertram@proskauer.com
ddavis@proskauer.com

*Counsel for Plaintiff*

Defendant Michael Noble ("Noble") has filed a Supplement to his Motion to Dismiss for Lack of Jurisdiction or, in the alternative, Motion to Stay All Proceedings in This Case ("Supplement"). In his Supplement, Noble claims that US Foods has not acted in this proceeding and therefore should be sanctioned. Noble's argument, however, ignores the status of the proceedings in this case, the instructions provided by this Court, and the current status of the arbitral proceeding among the parties. US Foods has acted in accordance with its express contractual right in bringing this injunction proceeding in federal court. It has pursued the action in good faith and consistent with this Court's instructions. Noble's Supplement offers no justification for granting the relief sought by Noble.

I.  **BACKGROUND**

   A.  **This Proceeding's Current Posture**

Defendant US Foods, Inc. ("US Foods") filed its Complaint against Defendants on May 15, 2013 (ECF No. 1) in order to secure limited injunctive relief against Defendants: effecting the return of the property, files and data of US Foods in Defendants' possession.[1] On June 3, 2013, in light of certain evidence spoliation by Defendants, US Foods filed a Motion for Expedited Discovery to obtain limited expedited discovery regarding, and to preserve, the electronic evidence in Defendants' possession, custody and control. ECF No. 13. As part of its

---

[1] US Foods seeks injunctive relief from this Court pursuant to Paragraphs 17(c) and 22(b) of Defendants' Management Stockholder's Agreement. Paragraph 17(c) allows US Foods to seek "injunctive or other relief in order to enforce the covenant not to compete, covenant not to solicit and/or confidentiality covenants" incorporated from Defendants' Non-Solicitation and Non-Disclosure Agreements. Paragraph 22(b) states that: "In the event of a breach or threatened breach of this Agreement (including the provisions incorporated into Section 22(a) from any Employment Agreement or Restrictive Covenant Agreement), the Company or its successors or assigns ***may, in addition to other rights and remedies existing in their favor***, apply to any court of competent jurisdiction for specific performance and/or injunctive relief in order to enforce, or prevent any violations of, the provisions hereof (without the posting of a bond or other security)." (Emphasis added).

Motion for Expedited Relief, US Foods seeks forensic imaging of Defendants' computers and electronic devices. *Id.*

On June 13, 2013, Noble filed his Motion to Dismiss for Lack of Jurisdiction or, in the alternative, Motion to Stay All Proceedings in This Case ("Motion to Dismiss"), arguing that US Foods' claims should be dismissed because they are subject to mandatory arbitration under the terms of a settlement agreement the parties signed in February 2013. ECF No. 28. US Foods opposed the Motion to Dismiss, demonstrating that the arbitration provision Noble relies upon is irrelevant to this proceeding because (a) the settlement agreement never went into effect because Noble did not satisfy the conditions precedent in Paragraph 25 of the agreement; and (b) even if it became effective, the settlement agreement specifically incorporated the contractual provision that authorized US Foods to pursue injunctive relief from this Court. ECF No. 34 at 7-11. Moreover, US Foods established in its Opposition that this Court has proper diversity jurisdiction because the amount of controversy well exceeds the $75,000 statutory minimum. *Id.* at 11-15.

US Foods' Motion for Expedited Discovery and Noble's Motion to Dismiss remain pending before this Court.

    **B.**    <u>**Status Of Defendant Roszak's Arizona Proceeding**</u>

As this Court is aware, on May 3, 2013, Defendant Philip Roszak ("Roszak") initiated a proceeding in the United States District Court for the District of Arizona ("District of Arizona"), asserting claims for breach of contract, breach of fiduciary duty, and violations of the Delaware Whistleblowers' Protection Act ("DWPA"). On September 24, 2013, the District of Arizona dismissed Roszak's DWPA claim, concluding that Roszak could not sustain a claim under the DWPA because none of the alleged acts occurred in Delaware. In addition, the District of Arizona ruled that Roszak's remaining claims are subject to arbitration pursuant to the arbitration provision in the parties' Management Stockholder's Agreement and Non-Solicitation and Non-

Disclosure Agreement. A copy of the District of Arizona's opinion is attached hereto as Exhibit A. On October 24, 2013, Roszak appealed that decision to the Ninth Circuit.

### C. Status Of The Parties' Arbitration

On May 15, 2013, US Foods also filed an arbitration demand with the American Arbitration Association ("AAA") asserting breach of contract, breach of fiduciary duty of loyalty, and civil conspiracy claims against Defendants. Noble has asserted various counterclaims in that proceeding, including a claim that the above-referenced settlement agreement bars certain of US Foods' claims against him, as well as various whistleblower, contract and tort claims. The parties are currently in active discovery and the arbitration hearing is scheduled to occur on November 20-22, 2013.

As part of its discovery in that proceeding, US Foods is seeking forensic inspections of Defendants' personal computers and devices. Defendants filed objections to US Foods' notices of inspection, forcing US Foods to file a motion with the arbitrator to compel Defendants to submit to forensic inspections. On October 4, the parties participated in a conference call during which several outstanding discovery disputes, including US Foods' motion to compel Defendants' forensic inspections and the protocol for those inspections, were addressed. On October 16, 2013, the arbitrator ordered a forensic inspection of Defendants' computers and online accounts. The forensic inspection commenced on October 21, 2013 and is currently in process.

In the AAA proceeding, Noble also filed a Motion for Partial Summary Judgment, arguing that the settlement agreement precluded the claims brought by US Foods. On October 6, 2013, the arbitrator denied Noble's motion, finding that (1) the requirements of Paragraph 25 of the settlement agreements were conditions precedent to the formation of the contract; and

(2) there were disputed issues of material fact regarding whether Noble complied with those conditions precedent. This claim will be addressed at the November 20 arbitration hearing.

**II.     This Court Made Clear That It Is Awaiting Decisions By The Arbitration Before Ruling on US Foods' Claims In This Proceeding**

In his Supplement, Noble asserts that US Foods' decision to pursue relief in the parties' arbitration is "significant" to his Motion to Dismiss because (1) it "proves" that US Foods' does not need the emergency relief it seeks from this Court and (2) it "proves" that this Court lacks jurisdiction because similar relief is being "provided to US Foods at its request in the pending AAA arbitration." US Foods' pursuit of claims and relief through arbitration, however, does no such thing.

Instead, as this Court concluded during the parties' July 10, 2013 conference (in which counsel for Noble elected not to participate), "the arbitrator goes first here and the arbitrator gets to decide what's going to be arbitrated." July 10, 2013 Hr'g Tr. at 6. This Court also expressly communicated to the parties during that hearing that it "[did not] see a reason that I should jump in prior to the arbitrator doing something" and that "the first place [counsel] should be protecting [their] clients' interests is with the arbitrator." *Id.* at 7. The Court directed the parties to keep it apprised of developments in both the arbitration and Arizona proceeding. *Id.* at 21-22.

US Foods has done just that. Its compliance with this Court's directive offers no "proof" that US Foods is not entitled to the relief it seeks in this proceeding. Likewise, US Foods' pursuit of relief to which it is entitled in the parties' arbitration is in no way a "concession" that this Court does not have jurisdiction over US Foods' claims. It is simply following the Court's instruction to seek relief from the arbitrator first before seeking it in this proceeding. If the arbitrator declines to order in the arbitration proceeding the full relief requested in this proceeding, US Foods will, consistent with this Court's direction, seek the relief from this Court.

### III. CONCLUSION

US Foods therefore renews its request that Noble's Motion to Dismiss be denied.

          Respectfully submitted,

          /s/ Connie N. Bertram
          Patricia Brown Holmes
          Linda K. Stevens
          **SCHIFF HARDIN LLP**
          233 South Wacker Drive, Suite 6600
          Chicago, IL 60606
          Telephone: (312) 258-5500
          Facsimile: (312) 258-5600
          pholmes@schiffhardin.com

          Connie N. Bertram
          Daniel J. Davis
          **PROSKAUER ROSE LLP**
          *Admitted Pro Hac Vice*
          1001 Pennsylvania Ave., N.W. Suite 400S
          Washington, D.C. 20004
          Telephone: (202) 416-6800
          Facsimile: (202) 416-6899
          cbertram@proskauer.com
          ddavis@proskauer.com

October 29, 2013

**CERTIFICATE OF SERVICE**

       The undersigned attorney hereby certifies that on October 29, 2013, she caused the foregoing document, including attachments, to be electronically filed with the Clerk of the Court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the Court, which will send a notice of electronic filing to the following attorneys of record:

       Kraig J. Marton
       David N. Farren
       Jeffrey A. Silence
       Jaburg & Wilk P.C.
       3200 N. Central Ave., 20th Floor
       Phoenix, AZ 85012
       kjm@jaburgwilk.com
       dnf@jaburgwilk.com
       jxs@jaburgwilk.com

       *Counsel for Defendant Michael J. Noble*

       Philip J. Nathanson
       Dona Nutini
       The Nathanson Law Firm
       8326 E. Hartford Dr., Suite 101
       Scottsdale, AZ 85255
       philipj@nathansonlawfirm.com
       dnutini@nathansonlawfirm.com

       *Counsel for Defendant Phillip G. Roszak*

       /s/ Connie N. Bertram