# EXHIBIT A

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip G. Roszak, | No. CV 13-01009-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| U.S. Foodservice, Inc., and USF Holding Corp., | |
| Defendants. | |

At issue are Defendants U.S. Foodservice, Inc., and USF Holding Corp.'s Motion to Compel Arbitration Or, In the Alternative, Motion to Dismiss ("Mot. to Compel/MTD") and Plaintiff's Motion to Stay Arbitration Proceedings ("Mot. to Stay"). (Doc. 6, Defs.' Mot. to Compel/MTD; Doc. 16, Pl.'s Mot. to Stay).

## I. BACKGROUND

Plaintiff has filed a Complaint for Whistleblower Retaliation Under Delaware Law, and For Other Relief. (Doc. 1, Notice of Removal, Ex. A, Compl.) Plaintiff was employed by Defendant U.S. Foodservice, Inc. ("US Foods"),[1] as Vice President of Information Technology until his alleged termination in or about January 2013. (Compl. ¶¶ 6, 21-22.) Plaintiff worked in the company's Tempe, Arizona, office. (*Id.* ¶ 6.) Plaintiff is a resident of

---

[1] Defendants in their Notice of Removal refer to U.S. Foodservice, Inc., as "US Foods." (Notice of Removal at 1.)

Maricopa County, Arizona. (*Id.* ¶ 1.) Defendants are Delaware corporations with their principal place of business in Rosemont, Illinois. (*Id.* ¶ 2.) Plaintiff alleges that Defendants "have caused an event to occur in Maricopa County, Arizona out of which Plaintiff's claim arose." (*Id.* ¶ 4.)

Plaintiff alleges that he and a co-worker reported what they perceived as a company ethical violation that involved a relationship between the company CEO and a representative of a vendor with whom the company was doing business. (*Id.* ¶¶ 10-11, 15-23.) Plaintiff contends that Defendants wrongfully discharged him for reporting "'verbally or in writing to the employer or to the employee's supervisor a violation" by Defendants of their own company policies that constituted financial management standards and which serve "'to protect any person from fraud, deceit, or misappropriation of . . . private funds or assets under the control of the employer." (*Id.* ¶¶ 26-27 (citing 19 Del. C. §§ 1702(6)(b), 1703(4)).) Plaintiff has asserted claims based on a violation of the Delaware Whistleblower Statute, breach of contract involving the Stock Agreement that Plaintiff and Defendants executed, and breach of the covenant of good faith and fair dealing. (*Id.* ¶¶ 24-1-29.) Plaintiff alleges that as a result of his wrongful termination, he has been deprived of his salary and other employment benefits, including his stock investment, "which loss exceeds $100,000." (*Id.* ¶¶ 28-29.)

On October 19, 2007, Plaintiff executed a Management Stockholder's Agreement with Defendants as part of his employment. (Mot. to Compel/MTD at 3; Mot. to Compel/MTD, Ex. 1, Bertram Decl. ¶ 3, Ex. A, Mgmt. Stockholder's Agreement ("MSA").) The MSA contains an arbitration clause that reads as follows:

> In the event of any controversy among the parties hereto arising out of, or relating to, this Agreement which cannot be settled amicably by the parties, such controversy shall be finally, exclusively and conclusively settled by mandatory arbitration conducted expeditiously in accordance with the American Arbitration Association rules by a single independent arbitrator . . . The decision of the arbitrator shall be final and binding upon all parties hereto and shall be rendered pursuant to a written decision, which contains a detailed recital of the arbitrator's reasoning, subject to enforcement of the arbitration award hereunder or for vacation or modification thereof as provided under the Federal Arbitration Act, Title 9 U.S. Code Chapter 1. Judgment upon the award rendered may be entered in any court having jurisdiction thereof.

(MSA ¶ 17(b).)

On May 15, 2013, US Foods filed a Demand for Arbitration against Plaintiff and his co-worker. (Mot. to Compel/MTD at 3.) Defendants' Demand for Arbitration asserts claims for violation of the Computer Fraud and Abuse Act; breach of fiduciary duty and the duty of loyalty; breach of contract; and civil conspiracy. (Doc. 17, Defs.' Opp'n to Pl.'s Mot. to Stay at 2.) According to the parties, the arbitration is well under way in that an arbitrator has been appointed and the arbitration is scheduled for November 20-22, 2013. (Defs.' Opp'n to Pl.'s Mot. to Stay at 2; Doc. 19, Pl.'s Reply in Supp. of Pl.'s Mot. to Stay at 11.) US Foods also has filed an action seeking injunctive relief against Plaintiff and his co-worker in the Northern District of Illinois. (Bertram Decl. ¶ 4; Mot. to Compel/MTD, Ex. B, *US Foods, Inc. v. Michael J. Noble and Phillip G. Roszak*, Civil Action No. 1:13-cv-03640, N. D. Ill. ("Ill. Compl.").)

## II. LEGAL STANDARDS AND ANALYSIS

### A. Applicable Legal Standards

#### 1. Arbitration

The Federal Arbitration Act ("FAA") provides that an arbitration provision in a written contract "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Generally, in interpreting arbitration agreements, courts "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In this case, the MSA provides that the "laws of the State of Delaware . . . shall govern the interpretation, validity and performance of the terms of this Agreement." (MSA ¶ 17(a).)

#### 2. Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47

- 3 -

(1957)). Thus, dismissal for insufficiency of a complaint is proper if the complaint fails to state a claim on its face. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980).

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011), *cert. denied*, *Blasquez v. Salazar*, 132 S. Ct. 1762 (2012). In determining whether an asserted claim can be sustained, "[a]ll of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1207 (9th Cir. 2013). "For a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.    Analysis**

**1.    Defendants' Motion to Compel Arbitration**

Defendants contend that the MSA contains a valid, irrevocable, and enforceable arbitration provision that encompasses all of the claims that Plaintiff has asserted in this lawsuit. (Mot. to Compel/MTD at 5.) In his Response, Plaintiff argues only that the Count I whistleblower claim is not arbitrable under the MSA. (Doc. 13, Pl.'s Resp. to Defs.' Mot. to Compel/MTD ("Pl.'s Resp.") at 6-10.)[2] Plaintiff contends that "[a]t the very least . . . Count I should not be submitted to arbitration." (*Id.* at 16.) Plaintiff argues as to the whistleblower claim that the MSA has nothing to do with his termination which resulted from his disclosure of the CEO's alleged misconduct in violation of company policy and financial management standards. (*Id.* at 7.) Plaintiff also argues that Defendants waived their right to compel arbitration because they did not make their demand until May 15, 2013,

---

[2] The cited page numbering refers to the numbers inserted as a result of the electronic filing of the document.

- 4 -

several months after Plaintiff's January 2013 termination and some twelve days after Plaintiff filed the Complaint in this case on May 3, 2013. (*Id.* at 10-11; Compl.)

Plaintiff does not appear to dispute that his claims based on breach of the MSA and for violation of the covenant of good faith and fair dealing are subject to arbitration. Plaintiff did not respond to Defendants' argument that these claims are arbitrable.

With respect to Plaintiff's waiver argument, "[w]aiver of a contractual right to arbitration is not favored." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). The facts must be viewed "in light of the strong federal policy favoring enforcement of arbitration agreements. *Id*. The party arguing waiver bears a heavy burden and must demonstrate the following factors: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id*.

Plaintiff contends that Defendants knew of their right to arbitration and that Defendants engaged in inconsistent acts by litigating cases in three different venues. (Pl.'s Resp. at 11.) Plaintiff asserts prejudice because he has retained counsel in Chicago, he has responded to a discovery motion filed in the Northern District of Illinois lawsuit, and he possibly may be required to hire counsel in New York "to help litigate this matter in its current posture." (*Id*.)

Defendants' Illinois lawsuit seeks an injunction requiring Plaintiff to return confidential, proprietary, and trade secret information that he allegedly took from US Foods. (Ill. Compl. at 19-20.) The MSA at paragraph 17(c) provides that

> [n]otwithstanding the foregoing [referring to the arbitration provision in ¶ 17(b)], the Management Stockholder acknowledges and agrees that the Company, its subsidiaries, the Investors and any of their respective Affiliates shall be entitled to injunctive or other relief in order to enforce the covenant not to compete, covenant not to solicit and/or confidentiality covenants as set forth in Section 22(a) of this Agreement.

(MSA ¶ 17(c).) Paragraph 22(a) of the MSA provides that Plaintiff, as Management Stockholder, agreed to execute a Non-Solicitation and Non-Disclosure Agreement

1  ("NSNDA") with the company in consideration of and as a condition to the company
2  entering into the MSA and the Stock Option Agreement with Plaintiff. (*Id.* ¶ 22(a).)

3  Plaintiff cannot show prejudice from US Food's filing of the Illinois lawsuit.
4  Defendants were authorized to pursue their Illinois lawsuit under the MSA and the NSNDA
5  which Plaintiff executed. Plaintiff filed the Complaint in the instant case on May 3, 2013.
6  Defendants made their arbitration demand on May 15, 2013 and filed their Motion to Compel
7  Arbitration in the instant case on May 22, 2013. Plaintiff has not shown prejudice based on
8  Defendants' alleged inconsistent acts. Moreover, any doubts as to the scope of arbitrable
9  issues, even if the problem involves waiver, should be resolved in favor of arbitration. *Moses*
10 *H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Defendants did
11 not waive their right to compel arbitration of Plaintiff's claims for breach of contract and
12 breach of the duty of good faith and fair dealing. It is unnecessary to further consider whether
13 Plaintiff's whistleblower claim is subject to arbitration because the Court has determined
14 below that the claim should be dismissed.

15 **2.     Defendants' Motion to Dismiss**

16 Defendants alternatively move to dismiss Plaintiff's claims under Rule 12(b)(6). (Mot.
17 to Compel/MTD at 8-10.) Plaintiff contends that he has asserted a cognizable whistleblower
18 claim in Count I based on Delaware law. (Pl.'s Resp. at 11-16.)

19 Plaintiff's whistleblower claim is based on a violation of Delaware statutes, 19 Del.
20 C. §§ 1702(6) and 1703(4). (Compl. ¶¶ 24-26.) Plaintiff is a resident of Arizona and alleges
21 that the events giving rise to his claim occurred in Arizona. (Compl. ¶¶ 1, 4.) Plaintiff has
22 not alleged any act that occurred in Delaware. "The legislative history of [§ 19 Del. C. §
23 1703, the Delaware Whistleblowers' Protection Act] demonstrates that it has no application
24 to actions taken by foreign employers in relation to workers employed outside of Delaware."
25 *Curlett v. Madison Indus. Servs. Team, Ltd.*, 863 F. Supp. 2d 357, 361 (D. Del. 2012)
26 (dismissing claims asserted under 19 Del. C. § 1703 where plaintiff was a Delaware resident
27 employed by defendant Texas limited partnership at defendant's Pennsylvania office "and
28 there is no indication in the pleadings that any of the complained of conduct occurred in

- 6 -

Delaware"). As noted in *Curlett*, "the legislature did not intend to provide protection to any class other than individuals employed in the State of Delaware." *Id*. at 362. Plaintiff's claim based on a violation of the Delaware Whistleblowers' Protection Act is dismissed.

### 3. Plaintiff's Motion to Stay Arbitration Proceedings

Plaintiff contends that none of Defendants' claims in the Demand for Arbitration fall within the MSA's arbitration mandate and that any claim that falls under Plaintiff's restrictions and obligations under the NSNDA is subject to resolution "by a judge alone" and not through arbitration. (Pl.'s Mot. to Stay at 5.) Plaintiff refers to the MSA which provides that the provisions of the NSNDA "shall be and are hereby incorporated by reference herein and made a part of this Agreement." (MSA ¶ 22(a).) Plaintiff also refers to the NSNDA which provides for judicial resolution of claims:

> Any action, lawsuit, demand, claim or counterclaim shall be resolved by a judge alone, and both parties hereby expressly waive and forever disclaim their right to a trial before a civil jury. . . .
>
> In the event of a breach or threatened breach of any of the terms of this Agreement, the Company shall be entitled to seek and obtain enforcement of this Agreement in a court of competent jurisdiction by means of a decree of specific performance, an injunction without posting a bond or the requirement of any other guarantee, and any other form of equitable relief.

(Pl.'s Reply in Supp. of Pl.'s Mot. to Stay, Doc. 19-2, NSNDA ¶¶ 10, 15.) Plaintiff further seems to argue that he did not agree to arbitrate his claims for whistleblower protection and breach of the covenant of good faith and fair dealing. (Pl.'s Mot. to Stay at 6.)

Defendants contend that Plaintiff's Motion to Stay Arbitration Proceedings should be denied because (1) the issues of arbitrability that Plaintiff raises should be resolved by the arbitrator; (2) Plaintiff waived the right to contest arbitrability because he failed to assert his challenge in his response to the Demand for Arbitration; (3) this Court lacks jurisdiction to stay the arbitration; and (4) each of Defendants' claims is subject to mandatory arbitration. (Defs.' Opp'n to Pl.'s Motion to Stay at 2.)

The Court has already determined that Plaintiff's whistleblower protection claim should be dismissed. The Court further has determined that Plaintiff's remaining two claims based on breach of the MSA and breach of the covenant of good faith and fair dealing are

subject to arbitration based on Plaintiff's lack of objection to Defendants' Motion to Compel Arbitration regarding those two claims. The only issue for resolution is whether Defendants' claims asserted in their Demand for Arbitration are arbitrable.

Whether an arbitration provision applies to a particular dispute is to be decided by the courts. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable evidence' that they did so." *First Options of Chicago*, 514 U.S. at 944 (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).

Whether Defendants' claims asserted in the Demand for Arbitration are arbitrable appears to involve a construction of the MSA and NSNDA contract terms. It is undisputed that the parties' MSA contains a mandatory arbitration provision. The parties' NSNDA does not contain an arbitration provision but its terms are incorporated into the MSA. These conflicting provisions render the MSA ambiguous. *See United Rentals, Inc. v. RAM Holdings, Inc.*, 937 A.2d 810, 836 (Del. Ch. 2007) (conflicting provisions of a contract render it ambiguous). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Courts "construe ambiguities concerning the scope of arbitrability in favor of arbitration." *Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 923 (9th Cir. 2011) (quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 66 (1995)). Moreover, the MSA's arbitration clause provides that the mandatory arbitration shall be conducted in accordance with the American Arbitration Association ("AAA") rules. (MSA ¶ 17(b).) *See Oracle Am., Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1074-75 (9th Cir. 2013) (noting prevailing view that incorporation of the AAA's arbitration rules "constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability"). The Court therefore construes the MSA and NSNDA contract provisions in favor of arbitration. Plaintiff's Motion to Stay Arbitration Proceedings is denied.

**III.  CONCLUSION**

1  The Court has dismissed Plaintiff's whistleblower protection claim and determined
2  that Plaintiff's remaining claims asserted in the Complaint are subject to arbitration. Plaintiff
3  has not asserted cognizable grounds for staying the arbitration proceedings.

4  **IT IS ORDERED** granting Defendants U.S. Foodservice, Inc., and USF Holding
5  Corp.'s Motion to Compel Arbitration Or, In the Alternative, Motion to Dismiss (Doc. 6).
6  Plaintiff's claim based on a violation of the Delaware Whistleblower Statute is dismissed.
7  Plaintiff's remaining claims for breach of contract and breach of the covenant of good faith
8  and fair dealing are subject to arbitration.

9  **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Stay Arbitration
10 Proceedings (Doc. 16).

11 **IT IS FURTHER ORDERED** directing the Clerk to terminate this case.

13 DATED this 24th day of September, 2013.

_____
Susan R. Bolton
United States District Judge

- 9 -