**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| US FOODS, INC., )<br>)<br>       Plaintiff, )<br>)<br>  v. )<br>)<br>MICHAEL J. NOBLE, et al., )<br>)<br>)<br>       Defendants. )<br>_____ ) | Civil Action No. 1:13-cv-03640 |

**JOINT STATUS REPORT**

Plaintiff US Foods, Inc. ("US Foods") and Defendants Michael J. Noble ("Noble") and Phillip G. Roszak ("Roszak") hereby submit their joint status report.

**I. BACKGROUND**

    **A. Attorneys of Record**

    (1) For Plaintiff US Foods:

    Patricia Brown Holmes
    Linda K. Stevens
    **SCHIFF HARDIN LLP**
    233 South Wacker Drive, Suite 6600
    Chicago, IL 60606
    Telephone: (312) 258-5500
    Facsimile: (312) 258-5600
    pholmes@schiffhardin.com

    Connie N. Bertram
    Daniel J. Davis
    **PROSKAUER ROSE LLP**
    *Admitted Pro Hac Vice*
    1001 Pennsylvania Ave., N.W. Suite 400S
    Washington, D.C. 20004
    Telephone: (202) 416-6800
    Facsimile: (202) 416-6899
    cbertram@proskauer.com

>   ddavis@proskauer.com

(2) For Defendant Noble:

>   Kraig J. Marton
>   David N. Farren
>   Jeffrey A. Silence
>   Jaburg & Wilk P.C.
>   3200 N. Central Ave., 20th Floor
>   Phoenix, AZ 85012
>   (602)248-1017
>   (602)297-5017
>   kjm@jaburgwilk.com
>   dnf@jaburgwilk.com
>   jxs@jaburgwilk.com

(3) For Defendant Roszak:

>   Philip J. Nathanson
>   Dona Nutini
>   The Nathanson Law Firm
>   8326 E. Hartford Dr., Suite 101
>   Scottsdale, AZ 85255
>   (480) 419-2578
>   (480) 419-4136
>   ipj@nathansonlawfirm.com
>   dnutini@nathansonlawfirm.com

**B. Parties Not Yet Served**

There are no parties that have not yet been served.

**C. Basis for Federal Jurisdiction**

Federal diversity jurisdiction is appropriate because (1) US Foods is a Delaware corporation with its principal place of business in Illinois; (2) Defendants are Arizona residents; and (3) the value of the injunction US Foods seeks exceeds $75,000. Defendants dispute Plaintiff's allegations about the value of the injunction.

### D.  Plaintiff's Claims

US Foods filed its Complaint against Defendants, its former employees, on May 15, 2013 (ECF No. 1) bringing claims for breach of fiduciary duty and the duty of loyalty, breach of contract, and civil conspiracy.  US Foods alleges that Defendants took and misused US Foods confidential information in an attempt to threaten the economic status of US Foods by intimidating and harassing the Chief Executive Officer of US Foods.  US Foods seeks injunctive relief, in the form of a preliminary injunction and a final injunction against Defendants, effecting the return of the property, files and data of US Foods in Defendants' possession.[1]

Defendants dispute that they breached any duty or contract with US Foods or that there was any unlawful conspiracy.  They also dispute taking or misusing any US Foods confidential information and they deny that there is any right to any relief sought by Plaintiff because all issues raised by US Foods are subject to an arbitration which is in process.

## II. DISCOVERY AND OTHER PROCEEDINGS

### A.  Discovery

No discovery has occurred in this case.

---

[1] US Foods seeks injunctive relief from this Court pursuant to Paragraphs 17(c) and 22(b) of Defendants' Management Stockholder's Agreement.  Paragraph 17(c) allows US Foods to seek "injunctive or other relief in order to enforce the covenant not to compete, covenant not to solicit and/or confidentiality covenants" incorporated from Defendants' Non-Solicitation and Non-Disclosure Agreements.  Paragraph 22(b) states that:  "In the event of a breach or threatened breach of this Agreement (including the provisions incorporated into Section 22(a) from any Employment Agreement or Restrictive Covenant Agreement), the Company or its successors or assigns *may, in addition to other rights and remedies existing in their favor*, apply to any court of competent jurisdiction for specific performance and/or injunctive relief in order to enforce, or prevent any violations of, the provisions hereof (without the posting of a bond or other security)."  (Emphasis added).

### B. <u>Pending Motions</u>

#### (1) Defendant Noble's Motion to Dismiss

On June 13, 2013, Noble filed his Motion to Dismiss for Lack of Jurisdiction or, in the alternative, Motion to Stay All Proceedings in This Case ("Motion to Dismiss"), arguing that US Foods' claims should be dismissed because they are subject to mandatory arbitration under the terms of a settlement agreement the parties signed in February 2013. ECF No. 28. US Foods filed its opposition to the Motion to Dismiss on June 24, 2013 (ECF No. 34) and Defendant Noble filed a reply brief on July 1, 2013. ECF No. 35. Noble's Motion to Dismiss remains pending before this Court.

#### (2) Defendants' Motion to Transfer Venue

On July 1, 2013, Defendant Roszak filed a Motion to Transfer to the District of Arizona, Pursuant to 28 U.S.C. § 1404(A), and for Other Relief ("Motion to Transfer"), because his Arizona state-court lawsuit against US Foods had been removed by US Foods to the District of Arizona. ECF No. 36. On July 15, 2013, US Foods opposed Defendant Roszak's Motion to Transfer. ECF No. 39. One day later, on July 16, 2013, Defendant Noble joined Defendant Roszak's Motion to Transfer by filing his Alternative Joinder Motion. ECF No. 40. US Foods opposed Defendant Noble's joinder on July 22, 2013. ECF No. 41. The Court granted Defendant Noble's joinder on November 4, 2013 (ECF No. 45) and Defendants' Motion to Transfer remains pending.

### C. <u>Substantive Rulings</u>

On June 3, 2013, US Foods filed a Motion for Expedited Discovery to obtain limited expedited discovery regarding, and to preserve, the electronic evidence in Defendants' possession, custody and control. ECF No. 13. Specifically, US Foods sought an order that

Defendants (1) preserve and not further spoliate evidence and (2) produce all US Foods' property and data in their possession. *Id.* US Foods also sought forensic imaging of Defendants' computers and electronic devices. *Id.* On November 4, 2013, Judge Dow denied US Foods' Motion for Expedited Discovery. ECF No. 45.

**III.** **Trial**

There has not been a jury trial demand in this proceeding and no trial date has been set. Likewise, no final pretrial order has been filed and there is no deadline for filing a final pretrial order. The parties are unable to provide a date by which they anticipate being ready for trial because of the pendency of a related arbitration proceeding.

**IV.** **Referrals And Settlement**

This case has not been referred to the Magistrate Judge for discovery supervision, a settlement conference, or any other purpose. Defendant Roszak is open to the possibility of settlement discussions at this or any subsequent time. US Foods and Defendant Noble do not believe that a settlement conference would be productive at this time.

**V.** **Status Of The Parties' Related Arbitration**

On May 15, 2013, US Foods also filed an arbitration demand with the American Arbitration Association ("AAA") asserting Computer Fraud and Abuse Act, breach of contract, breach of fiduciary duty of loyalty, and civil conspiracy claims against Defendants. Defendant Noble has asserted various counterclaims in that proceeding, including a claim that the above-referenced settlement agreement bars certain of US Foods' claims against him, as well as various whistleblower, contract and tort claims. Defendant Roszak has also asserted various counterclaims, including whistleblower and contract claims.

During the parties' July 10, 2013 conference in this case, the Court directed the parties to keep it updated of developments in the arbitration. 2013 Hr'g Tr. at 21-22. Pursuant to this request, the parties submit that the limited discovery permitted in the arbitration case has closed and the parties completed the first three days of their evidentiary hearing in New York City on November 20-22, 2013. Additional hearing dates have been scheduled for December 4, 2013 and December 17-18, 2013, and the parties anticipate that the arbitration hearing will thereafter be completed.

Respectfully submitted,

/s/ Connie N. Bertram
Patricia Brown Holmes
Linda K. Stevens
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
pholmes@schiffhardin.com

Connie N. Bertram
Daniel J. Davis
**PROSKAUER ROSE LLP**
*Admitted Pro Hac Vice*
1001 Pennsylvania Ave., N.W. Suite 400S
Washington, D.C. 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
cbertram@proskauer.com
ddavis@proskauer.com

*Counsel for Plaintiff US Foods, Inc.*

Kraig J. Marton
David N. Farren
Jeffrey A. Silence
Jaburg & Wilk P.C.
3200 N. Central Ave., 20th Floor

                                Phoenix, AZ 85012
                                kjm@jaburgwilk.com
                                dnf@jaburgwilk.com
                                jxs@jaburgwilk.com

*Counsel for Defendant Michael J. Noble*

Philip J. Nathanson
Dona Nutini
The Nathanson Law Firm
8326 E. Hartford Dr., Suite 101
Scottsdale, AZ 85255
philipj@nathansonlawfirm.com
dnutini@nathansonlawfirm.com

*Counsel for Defendant Phillip G. Roszak*

December 2, 2013