# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| US FOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1-13-cv-03640 |
| ) | |
| MICHAEL J. NOBLE AND ) | |
| PHILLIP G. ROSZAK, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF US FOODS' MOTION FOR JUDGMENT

Patricia Brown Holmes
Linda K. Stevens
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
pholmes@schiffhardin.com

Connie N. Bertram
Daniel J. Davis
**PROSKAUER ROSE LLP**
*Admitted Pro Hac Vice*
1001 Pennsylvania Ave., N.W. Suite 600S
Washington, D.C. 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
cbertram@proskauer.com
ddavis@proskauer.com

*Counsel for Plaintiff US Foods*

On August 27, 2015, this Court confirmed an arbitration award against Defendants Michael J. Noble ("Noble") and Phillip G. Roszak ("Roszak"), former employees of US Foods, Inc. ("US Foods" or the "Company"). The arbitrator found in favor of US Foods on its breach of contract claims against Noble and Roszak. The arbitrator also rejected each and every one of Noble's and Roszak's claims against US Foods. In confirming the award, this Court concluded that the arbitrator "clearly and thoroughly resolved the entire dispute between these parties, providing a detailed account of the evidence and testimony that leaves no room for doubt or confusion." ECF No. 93 ("Order") at 14. Citing the arbitrator's "well-reasoned" conclusion that Noble and Roszak's eight-month coordinated scheme to try to hurt US Foods' CEO "was not about whistleblowing, but about revenge," this Court determined that there is "no basis to vacate the [arbitrator's] award." *Id.* at 14, 15.

All that remains in the arbitration proceeding and this case is the entry of final judgment on the arbitration award and the complaint originally filed by US Foods in this Court. The judgment should include the following components: (1) confirmation of the arbitration award and (2) granting the injunctive relief awarded by the arbitrator. Because that judgment will provide all the relief originally sought by US Foods in its complaint filed in this Court, the claims for injunctive relief in this case can then be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Although much of the factual and procedural background of the Parties' dispute is well-known to this Court, US Foods briefly summarizes the pertinent history of this litigation and the Parties' related arbitration below.

### A. Noble And Roszak's Employment

Noble and Roszak held leadership positions with US Foods, a food distribution company with annual revenues of approximately $20 billion. *See* Order at 1; ECF No. 59-1, Ex. D

("Reasoned Arbitral Decision") ¶¶ 1, 3-4. Noble and Roszak most recently served as Senior Vice President of Shared Services and Vice President of Financial and Support Office Systems, respectively, in the Company's Phoenix, Arizona office. Reasoned Arbitral Decision ¶¶ 3-4. As such, Noble and Roszak had access to highly sensitive, confidential and proprietary business and financial information of US Foods.

B. <u>Noble and Roszak's MSAs and NSNDAs</u>

During their employment with the Company, Noble and Roszak entered into Management Stockholders Agreements (MSAs) and Non-Solicitation and Non-Disclosure Agreements (NSNDAs) with the Company. *See* Reasoned Arbitral Decision at 1-2, ¶ 5. Noble and Roszak signed those agreements for valuable consideration. *Id.* ¶ 5. Their NSNDAs are incorporated, in their entirety, by reference into their MSAs. *See* ECF No. 13-1, Ex. A at MSA § 22(a); *see also* Reasoned Arbitral Decision ¶ 5.

Noble and Roszak's NSNDAs impose various obligations on each of them with respect to the Company's confidential information and property. Section 4 of their NSNDAs state:

> At no time, either during or after the termination of employment, shall Employee directly or indirectly obtain, disclose, reveal or use for Employee or any Person, or aid others in obtaining, disclosing, revealing or using any Confidential Information of the Company, other than as may be required in the performance of duties for and as authorized by the Company. All Confidential Information is and shall remain the sole property of the Company.

ECF No. 13-1, Ex. A; *see also* Reasoned Arbitral Decision ¶ 6. Section 5 of those Agreements requires Noble and Roszak to return all US Foods' property, and all copies thereof, upon their termination. ECF No. 13-1, Ex. A; *see also* Reasoned Arbitral Decision ¶ 7. In the event of breach, Section 17(c) allows US Foods to "seek injunctive or other relief in order to enforce the covenant not to compete, covenant not to solicit and/or confidentiality covenants" contained in their NSNDAs and incorporated into their MSAs. ECF No. 13-1, Ex. A; *see also* Order at 2.

### C. Noble And Roszak's Unlawful Scheme And Terminations For Cause

Shortly after the Company hired John Lederer as its CEO in 2010, Noble and Roszak learned that Lederer was not satisfied with their performance. Order at 1; Reasoned Arbitral Decision ¶¶ 22-23, 25-26. Noble and Roszak, rightly concerned about their job security, decided that the best way to save their jobs was to try to discredit Lederer and have him fired. *See* Order at 1; Reasoned Arbitral Decision ¶ 26. Indeed, as the arbitrator found, "beset by resentment and anxiety, triggered by Lederer," Noble and Roszak concluded that "desperate times demand desperate measures." *See* Reasoned Arbitral Decision ¶¶ 23, 25-26.

Noble and Roszak then undertook an unlawful, eight-month coordinated scheme that included theft, deception, secret surveillance, and threats to the Company and its CEO. *See* Order at 1-2; Reasoned Arbitral Decision ¶¶ 45-51, 53-55, 57, 61-62, 66-73. Noble and Roszak repeatedly misappropriated confidential business information of US Foods in connection with their scheme, including information they obtained by deceiving subordinate employees. *See* Order at 2; Reasoned Arbitral Decision ¶¶ 45-51, 54-55. The sensitive and proprietary information they took included Lederer's lease, vendor invoices, executive travel information, and executive phone records. *See id.* They used that misappropriated information to identify and track Lederer's home, travel and whereabouts. *See* Order at 2; Reasoned Arbitral Decision ¶¶ 45-47, 49-51, 53-54. Noble and Roszak even monitored Lederer's cell phone calls, creating the risk that "major corporate developments . . . could have been revealed." Reasoned Arbitral Decision ¶ 47.

Noble and Roszak also provided that confidential information to a private investigation firm, Quest Consultants International ("Quest"), they hired to conduct secret surveillance of Lederer. *See id.* ¶¶ 57, 61-62, 66-73; *see also* Order at 2. Quest used the information provided by Noble and Roszak to spy on Lederer during a personal vacation in San Francisco. *See* Order

3

at 2; Reasoned Arbitral Decision ¶¶ 66-73.  Upon receiving surveillance footage captured by their investigation, Noble and Roszak sent anonymous, threatening letters to US Foods' Rosemont, Illinois headquarters.  *See* Reasoned Arbitral Decision ¶¶ 80-82, 105.  When US Foods uncovered Noble and Roszak's scheme, they were properly terminated for cause.  *See* Order at 2; Reasoned Arbitral Decision ¶¶ 113, 115-16.

**D.** **US Foods' Actions Against Noble and Roszak**

On May 15, 2013, US Foods instituted two actions against Noble and Roszak.  First, US Foods made a demand for arbitration to the American Arbitration Association ("AAA"), asserting claims against Noble and Roszak for (1) breach of contract; (2) breach of fiduciary duty and the duty of loyalty; (3) civil conspiracy; and (4) violations of the Computer Fraud and Abuse Act.  *See* ECF No. 59 at ¶ 10; *see also* Order at 2.  Second, US Foods filed this lawsuit against Noble and Roszak seeking injunctive relief for their breaches of their MSAs and NSNDAs with the Company.  *See* ECF No. 1.  In both actions, US Foods sought the issuance of preliminary and permanent injunctions against Noble and Roszak (1) enjoining them from disclosing or utilizing for any purpose US Foods' property or confidential information; (2) directing them to return to US Foods any and all of its property and confidential information; and (3) permitting US Foods to inspect Noble and Roszak's devices and permanently delete all US Foods data on those devices.  *See* ECF No. 1; *see also* Reasoned Arbitral Decision at 72.

US Foods filed the complaint in this Court to request expedited, injunctive relief pending, and in aid of, the relief sought through the arbitration.  Accordingly, after addressing US Foods' request for preliminary injunctive relief, this Court held this action open pending the resolution of the Parties' arbitration.  *See, e.g.*, ECF No. 50.  Pursuant to this Court's orders, the Parties regularly informed the Court of the progress of the arbitration, including during status hearings

on December 16, 2013, January 30, 2014, April 22, 2014, and July 24, 2014, and in a Joint Status Report filed by the Parties on December 2, 2013. *Id.*; ECF Nos. 48, 51, 52, and 57.[1]

An eight-day hearing was held before the arbitrator between November 20, 2013 and January 24, 2014. *See* Order at 8. On July 6, 2014, the arbitrator found in favor of US Foods on its breach of contract claims against Noble and Roszak, and rejected each and every one of Noble and Roszak's counterclaims against the Company. *See* ECF No. 59-1, Ex. C (the "Final Arbitration Award"); *see also* Order at 9-14 (summarizing the Final Arbitration Award's key factual findings and legal conclusions).[2] In his Final Arbitration Award, the arbitrator made a number of specific findings with respect to that US Foods property still in the possession, custody or control of Noble and Roszak based, in part, on the forensic review of Noble and Roszak's personal computers and devices. The arbitrator, for example, found that:

> ***The forensic review of Roszak's personal computers and devices . . . revealed his retention of thousands (over 60,000 . . .) of [US Foods'] communications and documents copies from the company's document management system.*** But for the forensic review, it is doubtful Roszak's denials of possession on his personal devices could have been challenged."

Reasoned Arbitral Decision ¶ 135 (emphasis added). Those documents include financial statements and information, vendor and financial proposals, sensitive internal emails, and Company policies. Likewise, the arbitrator found that the forensic review of Noble's computers and devices identified confidential Company information that Noble, despite his protestations to the contrary, continued to possess and failed to return to the Company. *Id.* ¶ 137. Based on these findings, the arbitrator expressly: (1) enjoined Noble and Roszak and those acting or

---

[1] During these proceedings, the Parties repeatedly agreed and represented to the Court that the Parties would file any subsequent motion to confirm or to vacate the resulting arbitration award in this Court. *See* ECF No. 66 at 5-6.

[2] Prior to issuing the Final Arbitration Award, the arbitrator issued a 72-page Interim Reasoned Decision and Interim Award, both of which are incorporated in the Final Award.

participating with them from disclosing or using the US Foods' property and confidential information in their possession and (2) ordered Noble and Roszak and those acting or participating with them to return immediately to US Foods its property or confidential information in their possession. *See* Reasoned Arbitral Decision at 72; *see also* Order at 13.

### E. <u>**The Parties' Post-Arbitration Proceedings**</u>

On September 25, 2014, US Foods filed its Petition to Confirm and Enforce Arbitration Award in this matter. ECF No. 59 (the "Petition to Confirm"). In response, Roszak filed his Amended Motion to Transfer to the Southern District of New York, Pursuant to 9 U.S.C. § 10, Pursuant to 28 U.S.C. § 1404(A), and for Other Relief ("Motion to Transfer") (ECF No. 61) and a Motion to Vacate (ECF No. 62) on October 6, 2014. On October 9, 2014, Noble filed his Response and Motion to Dismiss, Transfer or Stay Petition to Confirm and Enforce Arbitration Award ("Motion to Dismiss").[3] ECF No. 64. Neither defendant filed an answer to the Petition to Confirm, nor did they file an answer to the complaint that initiated this action.

On August 27, 2015, this Court issued a decision granting US Foods' Petition to Confirm. ECF No. 93. In its decision, this Court cited the arbitrator's conclusion that Noble and Roszak's scheme "was not about whistleblowing, but about revenge." *Id.* at 15. This Court also relied on the arbitrator's determinations that (1) US Foods' Code of Conduct "neither required nor permitted the kind of 'self-help' engaged in" by Noble and Roszak and (2) their scheme amounted to "'an accumulation of Code [of Conduct] violations adding up to stalking or harassment but not whistleblowing within [US Foods].'" *Id.* at 10. Having granted US Foods' Petition to Confirm in its entirety, the Court dismissed Noble's Motion to Dismiss and Roszak's

---

[3] On September 24, 2014, Noble also filed a Petition/Motion to Partially Vacate, Modify or Correct Arbitration Award in a newly-filed proceeding in the District Court for the Southern District of New York. *Michael J. Noble v. US Foods, Inc.*, Civ. A. No. 14-cv-7743-RA (S.D.N.Y. Sept. 25, 2014). On November 19, 2014, that court stayed all proceedings pending a determination by this Court of where the Parties' claims should be litigated.

Motion to Transfer, noting that "[n]either motion seems to recognize that the posture of the case precludes the Court from delving into the merits of the parties' claims." *Id.* at 7.

After the decision was issued, Noble, Roszak and US Foods appeared, through counsel, at a status conference on September 1, 2015. *See* ECF No. 94. During the conference, this Court ordered US Foods to submit a proposed Order of Final Judgment enforcing the Final Arbitration Award no later than September 15, 2015. *See id.* Pursuant to that order, US Foods submitted its proposed Order of Final Judgment to Noble, Roszak, and this Court on September 15, 2015. ECF No. 101 at 6. Neither Noble nor Roszak conferred with US Foods or filed any form of objection or response to the proposed Order.

On September 24, 2015, without responding to US Foods' proposed Order of Final Judgment, and before a final judgment was entered in this case, Noble filed a notice of appeal of Judge Blakey's decision confirming the Final Arbitration Award to the United States Court of Appeals for the Seventh Circuit. ECF No. 95. Two weeks later, on October 6, Noble, Roszak and US Foods appeared at another status conference before this Court. *See* ECF No. 101. Because there was no agreement regarding the provisions to be included in the Order of Final Judgment, this Court ordered the parties to complete briefing on their disputes. *Id.* at 9-10.

## II. <u>ARGUMENT</u>

As set forth below, this Court should enter an order of final judgment confirming and enforcing the Final Arbitration Award in order to give full force and effect to its August 27, 2015 decision. This Court should also specifically confirm and enforce the permanent injunctive relief granted in the Final Arbitration Award. The confirmation and enforcement of the injunctive relief ordered by the arbitrator – which is precisely the relief sought by US Foods in the complaint filed in this Court – makes the entry of final judgment on US Foods' complaint filed in this Court unnecessary.

**A.      This Court Should Enter Final Judgment On The Final Arbitration Award**

This Court should enter a judgment confirming the arbitration award. As discussed above, this Court granted US Foods' Petition to Confirm in full on August 27, 2015. *Supra* at 6-7. Notably, neither Noble nor Roszak filed a motion for reconsideration of this Court's August 27 decision. In addition, during the Parties' October 6 status conference, counsel for Roszak agreed that the entry of final judgment on the Final Arbitration Award was appropriate. *See* ECF No. 101 at 10. As such, all that remains for this Court to do with respect to US Foods' Petition to Confirm is to enter an Order of Final Judgment: (1) confirming the Final Arbitration Award in all respects pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9; (2) entering judgment on the Final Arbitration Award pursuant to Section 13 of the FAA, 9 U.S.C. § 13; and (3) retaining exclusive jurisdiction over any and all issues, cases, or matters relating to or concerning the effectuation and enforcement of the Final Arbitration Award.

**B.      This Court Should Award US Foods Permanent Injunctive Relief**

As established above, Noble and Roszak continue to possess a wealth of US Foods property and confidential information. *Supra* at 5. Despite their protestations to the contrary, that information – which includes financial statements, vendor information, internal communications, and Company policies (*see id.*) – has not been returned to US Foods. In addition, it is likely that others involved in their scheme – including but not limited to Quest, the firm that Noble and Roszak hired to spy on Lederer – also continue to possess confidential information and documents belonging to the Company. Furthermore, despite the arbitrator's clear rulings on this issue (*id.* at 5-6), there is ***no*** evidence that Noble and Roszak (or any of those, like Quest, acting with them during their scheme) have returned to the Company or permanently destroyed and/or deleted ***any*** of that property and information.

As such, to give full effect to this Court's decision confirming and enforcing the Final Arbitration Award, this Court should enter an Order of Final Judgment expressly granting the permanent equitable relief demanded by the Parties' agreements and ordered by the arbitrator. Specifically, this Court should enter final judgment:

- Enjoining Noble and Roszak and those acting or participating with them from disclosing or using for any purpose US Foods' confidential information and other property in their possession, custody, or control; and

- Ordering Noble and Roszak and those acting or participating with them to return to US Foods within thirty (30) days of this Order all US Foods confidential information and other property in their possession, custody or control and, in connection with their return, permanently to delete all such information from all computers, databases, devices and accounts within their possession, custody or control.

In entering a judgment on an arbitration award, courts regularly do more than simply "confirm" the award. They also enter judgment on the relief ordered by the arbitrator. *See, e.g., U.S. ex rel. Frontier Constr., Inc. v. Tri-State Mgmt. Co.*, 262 F. Supp. 2d 893, 897 (N.D. Ill. 2003) (confirming arbitration award and separately ordering defendant "to pay [the plaintiff] the sums described in the award"); *American Tr. v. United Int'l Ins. Co.*, 1991 WL 281164, at *6 (N.D. Ill. Dec. 31, 1991) (confirming arbitration award and directing entry of judgment for counter-plaintiff for the specific monetary amounts set forth in the arbitration award). This Court should do the same.

### C. This Court's Entry Of Final Judgment Confirming And Enforcing The Equitable Relief Granted By The Final Award Will Render US Foods' Claims In This Action Moot

In the complaint originally filed in this Court, US Foods sought the issuance of a preliminary and permanent injunction against Noble and Roszak (1) enjoining them from disclosing or utilizing for any purpose US Foods' property or confidential information; (2) directing them to return to US Foods any and all of its property and confidential information; and (3) permitting US Foods to inspect Noble and Roszak's devices and permanently delete all

9

US Foods data on those devices. *See* ECF No. 1. US Foods has obtained through the arbitration and its Final Award all of the equitable relief it seeks in this action, including the (1) permanent enjoining of Noble and Roszak and those acting or participating with them from using or disclosing US Foods' property and confidential information; and (2) the ordered return of all US Foods property and confidential information in their possession. *See* Reasoned Arbitral Decision at 72; *supra* at 5-6.

As a result, after this Court enters judgment on the arbitration award, and effectuates the arbitrator's grant of injunctive relief, US Foods' complaint in this matter can be dismissed as moot. *See Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994); *Midrad, LLC v. Dane Cty., Wis.*, 676 F. Supp. 2d 795, 799 (W.D. Wis. 2009) ("A moot claim is one that *was* ripe, but is no longer a live controversy because the plaintiff received all its requested relief . . .") (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007) and *Dorel Juvenile Group, Inc. v. DiMartinis*, 495 F.3d 500, 503-04 (7th Cir. 2007)).

### III. CONCLUSION

For the foregoing reasons, US Foods respectfully requests that an Order of Final Judgment be entered herein: (1) confirming the Final Arbitration Award, pursuant to 9 U.S.C. § 9; (2) entering final judgment thereon pursuant to 9 U.S.C. § 13; (3) retaining exclusive jurisdiction to enforce the Final Arbitration Award; (4) permanently enjoining Noble and Roszak and those acting or participating with them from disclosing or using for any purpose US Foods' confidential information and property in their possession, custody or control; and (5) ordering Noble and Roszak and those acting or participating with them to return to US Foods within thirty (30) days of this Court's Order all US Foods confidential information and property in their possession, custody or control and, in connection with their return, permanently to delete such

information from all computers, databases, devices and accounts within their possession, custody or control.

Dated: October 20, 2015

Respectfully submitted,

/s/ Connie N. Bertram
Patricia Brown Holmes
Linda K. Stevens
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
pholmes@schiffhardin.com

Connie N. Bertram
Daniel J. Davis
**PROSKAUER ROSE LLP**
*Admitted Pro Hac Vice*
1001 Pennsylvania Ave., N.W. Suite 600S
Washington, D.C. 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
cbertram@proskauer.com
ddavis@proskauer.com

*Counsel for Plaintiff US Foods*

# **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on October 20, 2015, she caused the foregoing document, including attachments, to be electronically filed with the Clerk of the Court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the Court, which will send a notice of electronic filing to the following attorneys of record:

>Kraig J. Marton
>David N. Farren
>Jeffrey A. Silence
>Jaburg & Wilk P.C.
>3200 N. Central Ave., 20th Floor
>Phoenix, AZ 85012
>kjm@jaburgwilk.com
>dnf@jaburgwilk.com
>jxs@jaburgwilk.com
>
>*Counsel for Defendant Michael J. Noble*
>
>Philip J. Nathanson
>Dona Nutini
>The Nathanson Law Firm
>8326 E. Hartford Dr., Suite 101
>Scottsdale, AZ 85255
>philipj@nathansonlawfirm.com
>dnutini@nathansonlawfirm.com
>
>*Counsel for Defendant Phillip G. Roszak*

        /s/ Connie N. Bertram